UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| Not Present | | Not Present | |

**Proceedings:** **(In Chambers:) DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S THIRD, FOURTH, AND EIGHTH CLAIMS FOR RELIEF** (filed February 11, 2013) [Dkt. No. 17]

**I.    INTRODUCTION & BACKGROUND**

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 11, 2013, is vacated, and the matter is hereby taken under submission.

On April 27, 2012, plaintiff Sherri Perreault filed suit against defendants City of Westminister ("the City"), Doug Adger, Pete Sanchez, and Manual Vargas. Dkt. No. 1. Plaintiff filed the operative Second Amended Complaint ("SAC") on December 21, 2012. Dkt. No. 15. Plaintiff asserts claims for: (1) violation of her First, Fourth, and Fourteenth Amendment rights to be free from unreasonable searches and seizures, pursuant to 42 U.S.C. § 1983; (2) violation of plaintiff's substantive due process rights under the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983; (3) failure to intervene to prevent civil rights violations, pursuant to 42 U.S.C. § 1983; (4) negligence; (5) false imprisonment; (6) assault and battery; (7) intentional infliction of emotional distress ("IIED"); and (8) interference with plaintiff's exercise or enjoyment of her constitutional rights pursuant to California Civil Code § 52.1 (the "Bane Act"). Id.

Plaintiff alleges the following facts in support of her claims. In January 2010, plaintiff was ordered to perform community labor in the City of Westminister, California, or face jail time or other sanctions. SAC ¶ 2. Accordingly, on or about April 1, 2010, plaintiff arrived for her community labor assignment at the City's public works department. Id. ¶ 4. There, plaintiff was sexually assaulted by defendant Adger, who also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

told plaintiff that he would have sex with her in the community labor van. Id. These alleged assaults occurred on at least two occasions during the time plaintiff was performing community labor. Id.

According to plaintiff, other women performing community labor had previously been sexually assaulted by employees of the City. Id. ¶ 6. Furthermore, the City and its supervisors and other employees were aware of previous complaints against Adger in particular and allegedly failed to take any action to remedy the problem. Id.[1] ¶¶ 6–7. Plaintiff thus alleges that the City "tolerated a pattern of abuse" of women in the community labor program, systematically failed to adequately monitor the program, inadequately trained employees and supervisors, and "created an environment and culture" that fostered such alleged abuse. Id. ¶ 8.

On February 11, 2013, defendants Sanchez, Vargas, and the City filed a motion to dismiss plaintiff's third, fourth, and eighth claims for relief. Dkt. No. 17. Plaintiff opposed the motion on February 25, 2013, and defendants replied on March 1, 2013. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be

---

[1] Plaintiff alleges that defendant Sanchez was "the supervisor" for the City's public works department, and that defendant Vargas was a "supervisor."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

IV.   ANALYSIS

    A.   **Claim for Failure to Intervene Pursuant to 42 U.S.C. § 1983**

In support of her claim for failure to intervene, plaintiff alleges that defendants Sanchez and Vargas acted intentionally and with deliberate indifference to her civil rights when they "refrained from intervening and stopping" the alleged sexual assault perpetrated by Adger. SAC ¶ 43. Plaintiff further alleges that Sanchez and Vargas were supervisors of Adger and were aware of unlawful sexual acts that Adger had allegedly committed against plaintiff. Id. ¶ 44.

Defendants offers four reasons why this claim should be dismissed. First, plaintiff fails to allege any personal involvement on the part of Sanchez and Vargas in the alleged sexual assault, or that either of them had any opportunity to intervene to stop it. Second, defendant contends that plaintiff fails to allege that defendants owed her any duty to intervene on her behalf. Third, plaintiff fails to allege the required elements of a claim for supervisory liability under section 1983. Finally, to the extent that plaintiff attempts to state a claim based on violations of her Fourth Amendment rights, defendant argues that her claim is not cognizable because any alleged harm did not occur in the course of an attempted arrest or apprehension of a suspect.

For a claim alleging a deprivation of constitutional rights under section 1983, supervisors are not subject to vicarious liability or respondeat superior, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 9915 (9th Cir. 2001); see, e.g., Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) ("a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates"). To state a claim for supervisory liability under section 1983, plaintiff must allege that either (1) the supervisor was personally involved in the constitutional deprivation, or (2) that there is "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr, 652 F.3d at 1207 (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)). A sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights, Wesley v. Davis, 333 F. Supp. 2d 888, 892 (C.D. Cal. 2004), or by a supervisor's "knowing refusal to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

constitutional injury," Dubner v. City & Cnty of San Francisco, 266 F.3d 959, 968 (9th Cir. 2001). A supervisor may be held liable "for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Starr, 652 F.3d at 1208 (quotation omitted).

     The Court finds that plaintiff fails to state a claim under a "personal involvement" or supervisory liability theory based on defendants failure to intervene and stop the alleged sexual assault against plaintiff. Plaintiff must offer factual allegations that demonstrate a degree of personal involvement on the part of either defendant at the time of the alleged incident, rather than simply alleging, as plaintiff has thus far, that these defendants should have intervened. Without any such factual allegations addressing whether or not these defendants were even present at the time of the incident, plaintiff fails to state a claim based upon these defendants' personal involvement and failure to intervene in the alleged deprivation of plaintiff's constitutional rights.

     Similarly, plaintiff fails to allege any facts in support of her claim that Vargas or Sanchez should be individually liable as Adger's supervisor—not merely in their official capacity. For one, it is not clear what supervisory role either defendant had at the City's public works department or their role in relation to Adger. For example, plaintiff alleges that Sanchez is both "the supervisor" for the City's public works department but also that Adger is "a supervisor" for the department as well, without explanation. SAC ¶¶ 12–13. Plaintiff must clarify how each supervisor was allegedly involved in the deprivation of plaintiff's rights. This includes alleging how each supervisor, in particular, is allegedly liable for their "acquiescence in the constitutional deprivation" or "for conduct that showed a reckless or callous indifference to the rights of others" that caused the alleged constitutional violation to proceed with this claim. See Starr, 652 F.3d at 1208–12 (describing the "detailed factual allegations" supporting plaintiff's deliberate indifference claim).

     Moreover, to the extent that plaintiff attempts to assert this claim on the basis of violations of the Fourth Amendment rather than the Fourteenth Amendment, the Court finds that plaintiff fails to state a claim. There can be no Fourth Amendment violation unless the alleged violation occurred before or during an arrest or apprehension of one suspected of criminal conduct. See Fontana v. Haskin, 262 F.3d 871, 882 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

2001). Because plaintiff was not a recent arrestee in police custody at the time of the alleged incident, she cannot state a claim for violation of the Fourth Amendment.

For the foregoing reasons, the Court grants defendants' motion to dismiss this claim without prejudice.

### B.     Negligence

In support of her negligence claim, plaintiff alleges that plaintiff was injured as a result of the "negligence, carelessness and unlawfulness" of defendants Adger, Sanchez, and Vargas, causing her to suffer mental, physical and nervous pain and suffering. SAC ¶ 48. Plaintiff further alleges that the City is liable for these defendants' conduct pursuant to California Government Code section 815.2(a), which provides that public entities are liable for acts or omissions by their employees acting within the scope of their employment. SAC ¶ 50. Moving defendants move to dismiss this claim on multiple grounds.

First, plaintiff does not dispute that she fails to allege compliance with the California Tort Claims Act ("CTCA"), Cal. Gov't Code § 900 et seq., which provides that an individual cannot file a civil complaint against a public entity for personal injuries or property damage unless that claim is first presented to the pertinent public entity. Cal. Gov. Code § 911.2; see Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Because failure to allege compliance with the Act is grounds for dismissal, the Court grants defendants' motion to dismiss plaintiff's claim on this basis.

Second, even if she alleges compliance with the CTCA, defendant contends that leave to amend her negligence claim would be futile, because plaintiff's allegations fall outside of the tort claim that plaintiff in fact presented to the City. See Defs.' Request for Judicial Notice ("RJN"), Ex. A (Plaintiff's "Claim Against the City").[2] Under the CTCA,

---

[2] Although when ruling on a Rule 12(b)(6) motion a court generally may not consider materials outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials), see In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998), a court may consider

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

a properly presented claim must contain, *inter alia*, "[t]he date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted"; "[a] general description of the . . . injury, damage or loss incurred so far as it may be known at the time of presentation of the claim"; and "[t]he name or names of the public employee or employees causing the injury . . . if known." Cal. Gov't Code § 910. The purpose of this claim presentation requirement is not to create a trap for the unwary, but "to give the government entity notice sufficient for it to investigate and evaluate the claim." Stockett v. Ass'n of California Water Agencies Joint Powers Ins. Auth., 34 Cal. 4th 441, 446 (2004). "So long as the policies of the claims statutes are effectuated, they should be given a liberal construction to permit full adjudication on the merits." Minsky v. City of Los Angeles, 11 Cal. 3d 113, 123 (1974).

     The Court finds that at this stage, plaintiff's claim for negligence should not be dismissed for failure to comply with the CTCA's administrative exhaustion requirement. By submitting a letter setting forth the factual basis for her claim, see Def.'s RJN Ex. A, plaintiff placed the City on notice that it may be liable for any claims arising out of the incident in question, including a claim for negligence. Defendant is correct that her notice of claim contains no facts regarding a theory of negligent hiring, retention, or supervision of an employee, as would subject the City to liability directly, rather than pursuant to a theory of respondeat superior. Plaintiff's SAC, however, does not attempt to rely on such a theory, instead proceeding on the basis that the City is liable for the actions of its employees, co-defendants to this case. See SAC ¶ 50.

     Notwithstanding her complaint's facial compliance with the CTCA exhaustion requirement, plaintiff requests leave to amend her negligence claim to allege facts

---

exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Federal Rule of Evidence 201 authorizes a court to take judicial notice of "matters of public record," Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986), or any other "adjudicative" facts, which are "facts concerning the immediate parties." See United States v. Gould, 536 F.2d 216, 219 (8th Cir. 1976); In re Homestore.com, Inc. Sec. Lit., 347 F. Supp. 2d 814, 816-17 (C.D. Cal. 2004). The Tort Claim filed with the City of Westminister is a public document appropriate for judicial notice, and accordingly, the Court GRANTS defendants' request.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

demonstrating that moving defendants owed a duty to plaintiff that was breached. Plaintiff appears to have alleged such a duty with respect to the City, based on a respondeat superior theory, but has not done so with respect to the other defendants. Accordingly, the Court grants defendants' motion to dismiss this claim without prejudice.

    **C.    Bane Act**

In support of her claim under the Bane Act, plaintiff alleges that defendants have "by threat, intimidation or coercion, interfered with or attempted to interfere with plaintiff's exercise and/or enjoyment" of her constitutional rights, particularly plaintiff's due process and equal protection rights guaranteed by Article I, § 7, of the California Constitution.[3] SAC ¶ 71–72. Plaintiff does not, however, directly allege how any defendant interfered or attempted to interfere with the deprivation of her constitutional rights. As such, defendants argue that plaintiff fails to state a claim under the Bane Act because plaintiff fails to allege any facts identifying how any particular moving defendants interfered with her constitutional rights by way of threats, intimidation, or coercion.

The Bane Act prohibits a person from interfering or attempting to interfere "by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civil Code § 52.1(a). "The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., 'threats, intimidation or coercion'), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law." Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 883 (2007). To succeed on a claim under this section, a plaintiff must prove that the defendant (1) interfered with the plaintiff's constitutional or statutory right by threatening or committing violent acts; (2) the plaintiff reasonably believed that such acts would be committed; (3) that the defendant injured plaintiff to prevent him from exercising his constitutional or statutory right or to retaliate

---

    [3] The Court notes that plaintiff does not oppose defendants' motion to dismiss plaintiff's allegations regarding cruel and unusual punishment. See SAC ¶ 72; Opp'n at 3. Accordingly, the Court grants defendant's motion to dismiss these allegations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

against him for having exercised this right; (4) that plaintiff was harmed; (5) and that defendant's conduct was a substantial factor in causing this harm. Id. In general, "[a] defendant is liable if he or she interfered with or attempted to interfere with the plaintiff's constitutional rights by the requisite threats, intimidation, or coercion." Shoyoye v. County of Los Angeles, 203 Cal. App. 4th 947, 956 (2012).

A California Court of Appeal recently addressed the proper interpretation of section 52.1 in Shoyoye. First, the court held that section 52.1 does not extend to an alleged interference with constitutional rights that resulted from a person's negligent acts, at least in the case of an unreasonably prolonged detention of an individual. 203 Cal. App. 4th at 958. Because the detention at issue in Shoyoye resulted only from the negligence of county employees, the court concluded that section 52.1 could not apply. Id. at 959 ("[T]he statute was intended to address only egregious interferences with constitutional rights, not just any tort. The act of interference with a constitutional right must itself be deliberate or spiteful."). The court distinguished the California Supreme Court's decision in Venegas v. County of Los Angeles, 32 Cal. 4th 820, 841–43 (2004), where the evidence could support a finding that the coercion at issue was "carried out in order to effect a knowing interference with [the plaintiffs'] constitutional rights." Shoyoye, 203 Cal. App. 4th at 961. Second, the Shoyoye court held that section 52.1 requires a showing of coercion "independent" from the coercion inherent in the alleged constitutional deprivation itself, at least in the case of a wrongful detention. Id. at 960.

The Court finds that plaintiff fails to state a claim for violation of the Bane Act against defendants Vargas or Sanchez. Plaintiff does not allege how defendants Vargas or Sanchez were involved in any interference or attempted interference with plaintiff's constitutional rights by intimidation, coercion, or threat, other than incorporating her other allegations by reference. See SAC ¶¶ 70–75. Because these allegations are insufficient to state a claim against Vargas or Sanchez, the Court grants defendants' motion to dismiss plaintiff's claim with respect to these defendants.[4] The City, however, could be liable under this claim based upon a respondeat superior theory. Since

---

[4] Because the Court is granting plaintiff leave to file an amended complaint, the Court declines to address defendants' argument that plaintiff failed to provide sufficient notice of her Bane Act claim in her tort claim presented to the City.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-2767-CAS (ANx) | Date | March 7, 2013 |
|---|---|---|---|
| Title | SHERRI PERREAULT V. CITY OF WESTMINISTER, ET AL. | | |

defendants do not challenge plaintiff's claim against defendant Adger, the Court denies defendants' motion with respect to the City.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES in part and GRANTS in part defendants' motion to dismiss. Plaintiff shall have **twenty days (20)** in which to file an amended complaint addressing the deficiencies described herein.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |